# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**CLINTON EDWARD FUQUA**                                                                        **PETITIONER**

**V.**                         **NO. 3:07CR022-MPM**

**UNITED STATES OF AMERICA**                                             **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255. The Government has responded, the Petitioner has replied and this matter is now ripe for review.

*A. Factual and Procedural Background*

On January 10, 2007, Oxford police officers were conducting an undercover online investigation in an attempt to contact individuals who may be interested in having sexual contact with a minor. Using an internet chat room, Fuqua contacted undercover officers who were posing as a 14-year-old female. Despite having acknowledged that he could get in trouble for having sexually explicit conversation with a minor, Fuqua persisted and even arranged to meet the fictitious 14-year-old girl. When he arrived at what he believed was the girl's address, Fuqua was arrested and admitted that he traveled to the home to engage in sexual activity with the minor.

On August 29, 2007, Fuqua pled guilty to one count of using the internet to entice a minor to engage in sexual activity in violation of 18 U.S.C. § 2425 and Mississippi Law. Fuqua was sentenced to 57 months imprisonment. Judgment was entered on August 31, 2007. No appeal was perfected but Fuqua instead filed the instant motion challenging the validity of his guilty plea and sentence. Fuqua's motion includes three grounds for relief. His claims are as follows:

| | |
|---|---|
| Ground One | the conviction violated the Petitioner's right to due process because no act was committed which constituted a crime. |
| Ground Two | the Petitioner's right to due process was violated because the offense with which he was charged did not involve interstate commerce. |
| Ground Three | the Petitioner did not have the requisite intent to commit the crime with which he was charged because he knew that the alleged victim was not a minor. |

### B. Standard for Review

After a defendant has been convicted and exhausted or waived any right to appeal, "a court is entitled to presume that [he] stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Accordingly, relief under 28 U.S.C. § 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). Once a sentence of imprisonment has been imposed, the court's authority to reduce or modify the sentence is limited. *United States v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994). A criminal defendant seeking relief from his conviction or sentence in a motion to vacate pursuant to § 2255 must therefore establish one of the following: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence imposed exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

### C. Discussion

<u>Ground One: Due Process Violation based on the Absence of a Minor Victim</u>

In Ground One, Fuqua alleges that the conduct to which he pled guilty was not a crime

because there was no minor victim involved. Fuqua pled guilty to violating 18 U.S.C. § 2425 which makes it illegal for a person to use any means of interstate commerce to knowingly initiate the transmission of, *inter alia*, a name, address, telephone number or electronic mail address of another individual knowing that such other individual has not attained the age of 16 years, with the intent to entice, encourage, offer, or solicit any person to engage in any sexual activity or attempts to do so.

Fuqua's argument is the legal equivalent of an "impossibility" defense.[1] Legal impossibility occurs when the actions which the defendant performs, or sets in motion, even if fully carried out as he desires, would not constitute a crime. *United States v Conway*, 507 F.2d 1047, 1050 (5th Cir. 1975). Factual impossibility denotes conduct where the objective is proscribed by the criminal law but circumstances unknown to the actor prevents him from bringing it about. *Id.* Legal impossibility is a defense to a charge of attempt but factual impossibility is not. *United States v. Piertri*, 683 F.2d 877, 879 (5th Cir. 1982). In other words, "factual impossibility is not a defense if the crime could have been committed had the attendant circumstances been as the actor believed them to be." *United States v. Crow*, 164 F.3d 229, 236 (5th Cir. 1999).

The distinction, however, has been eroded and the Fifth Circuit has held that attempt liability requires the government to prove two elements: "first, that the defendant acted with the kind of culpability otherwise required for the commission of the underlying substantive offense, and second, that the defendant had engaged in conduct which constitutes a substantial step toward the commission of the crime. *Farner*, 251 at 513. The substantial step must be conduct which strongly

---

[1] The viability of an impossibility defense has been called into question in this Circuit. *See United States v. Farner*, 251 F.3d 510, 512-13 (5th Cir. 2001).

corroborates the firmness of defendant's criminal attempt. *Id.* (citing *United States v. Mandujano*, 499 F.2d 370, 376 (5th Cir. 1974)).

In *Farner*, the defendant was found guilty of essentially the same crime as Fuqua–using interstate commerce to communicate with a minor for purposes of engaging in sexual activity. *Id.* at 512, n.1. Like Fuqua, Farner had unknowingly contacted an undercover agent whom he believed to be a 14-year-old girl. *Id.* at 511. Farner cultivated an online relationship and made arrangements to meet the fictitious minor. *Id.* Farner drove from Dallas, Texas to Houston, and arrived at the prearranged meeting point where he was confronted and arrested by officers. *Id.* On appeal, Farner argued that it was "legally impossible for him to have committed the crime since the minor involved . . . was actually an adult." *Id.* The Fifth Circuit rejected Farner's argument and held the "scheme, if fully carried out as he 'desired' or 'planned,' was not to engage in sexual relations with an adult FBI officer . . . the person whom he desired to entice was a 14-year-old girl. The only reason he failed was because the true facts were not as he believed them to be." *Id.* at 513.

*Farner* is indistinguishable from this case. Fuqua contacted a person whom he believed to be a 14-year-old girl for purposes of engaging in sexual activity. Fuqua arranged to meet this person who was in fact a law enforcement officer. As was the case in *Farner*, the only reason that Fuqua failed in his attempt to engage in sexual activity with a minor is because the facts were not as he believed them to be. Fuqua's argument has no merit. Rather, Fuqua seems to be suffering from buyer's remorse. He pled guilty to the charged conduct and is now understandably unhappy about the bargain he reached. His claim and dissatisfaction, however, are not cognizable grounds for federal habeas relief.

Ground Two:  Due Process Violation based on the Absence Interstate Commerce

Fuqua next claims that the statute under which he was convicted required the government to prove his conduct involved interstate commerce.  Fuqua asserts that all the underlying conduct and communication took place in Oxford, Mississippi and did not involve interstate commerce.

The initial contact between Fuqua and the fictitious 14-year-old girl was made over the internet.  Other conversations occurred between the two over a cellular phone.  Each of these modes of communication have been recognized as "means of interstate commerce." *United States v. Barlow*, 568 F.3d 215, 220-21 (5th Cir. 2009) (internet and email are facilities or means of interstate commerce);  *United States v. Giordano*, 442 F.3d 30, 39 (2d Cir. 2005).  It is, therefore, of no consequence that the two parties were both located in the same state or even the same municipality.  The interstate commerce nexus is satisfied by Fuqua's undisputed use of the internet and cell phone to entice a fictitious minor to engage in sexual activity.  *Barlow*, 568 F.3d at 220-21 (the interstate nexus was satisfied by the defendant's use of the internet).  Without further discussion, Fuqua's argument is simply contradicted by the law.

Ground Three: Mens Rea or Criminal Intent

Finally, Fuqua claims that he is innocent of the crime because he "knew" that the intended victim was not a minor.  Mens rea is the state of mind that the prosecution must prove a defendant possessed when committing a crime.  *Black's Law Dictionary*, (Bryan A. Garner ed., 8th ed, West 2004).  There are only two types of mens rea; (1) intent, and (2) recklessness.  *Id.*  When mens rea is a crucial element of the offense, the court must determine on the record by personally addressing the defendant that he understand the nature of the mental element before accepting the defendant's guilty plea.  *McCarthy v. United States*, 394 U.S. 459, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969).

The statute under which Fuqua was convicted requires that the defendant possess an "intent" to entice a minor to engage in sexual activity. *See* 18 U.S.C. § 2425. Despite his current assertions, at his change of plea hearing, Fuqua entered an unconditional guilty plea to the following factual basis:

> <u>Mr. Roberts:</u>  Your Honor, the Government would show that on January 10, 2007, Oxford, Mississippi police officers were conducting an undercover, online investigation utilizing chat rooms and also instant messaging chats and communications through Yahoo! Messaging.
> The officers pretended to be a 14-year-old female who utilized the screen name "marybeth262." The defendant, Clinton Edward Fuqua, engaged in a chat with the undercover officers by telling them he was 30, male, and from Oxford. And he asked the age, sex, and location of the minor to which the officers responded, 14, female, from Oxford. The defendant chatted about how he could get in trouble flirting with a minor, yet kept the conversation up for the next hours and 20 minutes. He then began asking the undercover officer–he believed was a 14-yea-old minor–about whether she masturbated, what color underwear she was wearing, and how he wished he could see the underwear. He then told her he wanted to engage in sex with her.
> The conversation kept in this vein with Fuqua talking about having sex and doing other sexual acts to the minor. The defendant then asked whether he could go to the minor's house to engage in sex and asked if there would be police present. He was given the minor's address and phone number and told her he would be on his way in about 15 minutes. On the way, Mr. Fuqua called the minor by cell phone and furthered the conversation.
> On the way, he also stopped and bought either one or more condoms at a Walgreen store which is located on University Avenue in Oxford. He then drove to the address. He was arrested as he got out of the car at this address. He was advised of his rights and gave a statement admitting that he traveled to the location to have sex with a minor, that he knew what he was doing was wrong. He admitted using the internet to engage in cybersex with other minors as well.
> . . .
> <u>The Court:</u>  All right. Thank you. You heard the prosecutor state the evidence he had to present against you on this particular charge. Did you do what he just stated?
>
> <u>The Defendant:</u>  Yes, Your Honor.

Change of Plea Tr. 13:17 to 15:2, 15:22-25 (Aug. 29, 2007). After Fuqua's guilty plea was accepted

by the court, he was given an opportunity to make a statement:

> <u>The Defendant:</u>   Your Honor, there's no defense for what I did. I know it was wrong. And I want to apologize to my family and friends for the embarrassment and the pain and the financial burden I've put on them.

*Id.* at 17:17-22.

A guilty plea is more than a mere confession. It is an admission that the defendant committed the charged offense. *United States v. Palmer*, 456 F.3d 484, 491 (5th Cir. 2006). Guilty plea colloquies carry a strong presumption of verity. *Id.* at 491. Formal declarations in open court are entitled to a strong presumption of truthfulness. *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). Fuqua's sworn statements in open court contradict his current claim of innocence.

It has long been recognized that by entering a guilty plea, a defendant waives all non-jurisdictional defects in the criminal proceedings. *United States v. Sealed Appellant*, 526 F.3d 241, 242 (5th Cir. 2008). A defendant wishing to preserve a claim for appellate review while still pleading guilty can do so by entering a "conditional plea" pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure. *United States v. Stevens*, 487 F.3d 232, 238 (5th Cir. 2007). Failure to preserve an issue for appeal in the written plea agreement generally forecloses appellate review of that claim. *Sealed Appellant*, 526 F.3d at 242.

Fuqua entered an unconditional guilty plea. In other words, his written plea agreement did not preserve any pre-trial issues for an appeal. Moreover, there is no indication from the proceedings in open court that Fuqua intended to preserve any particular issue or issues for appellate review. *Cf. United States v. Fernandez*, 887 F.2d 564, 566 n.1 (5th Cir. 1989) (sworn statements in open court

can overcome the requirement that the conditional plea be in writing). Last but not least, Fuqua's admissions in open court refute his current, subjective, self-serving claim of innocence. He has not provided, and given the plea colloquy cannot provide, sufficient proof to rebut the presumption that he is in fact guilty.

*C. Conclusion*

For all the foregoing reasons, Fuqua's motion to vacate will be denied. The claims neither singularly or collectively are sufficient to warrant federal habeas relief.

A final judgment shall issue in accordance with this opinion.

This the 1st day of September, 2009.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**